R. W. FARNELL AND E. P. CHASSEREAU AND N. P. MUR-
DAUGH, *Plaintiffs in Error* v. FARQUHAR MACHINERY
COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed November 7, 1927.

*Cone & Chapman,* for Plaintiffs in Error;

*R. T. Boozer,* and *W. H. Boozer,* for Defendant in Error.

LONG, Circuit Judge:

This is an appeal from the Circuit Court of Columbia
County, Florida, and, for convenience, the parties hereto
will be referred to as they appear in the court below—
plaintiffs and defendant.

On the 5th day of February, 1923, the plaintiffs filed declaration upon three promissory notes of the same date, maturing three, four and five months respectively after date. No attack is made upon the declaration. The defendant filed pleas numbered 1, 2, 3 and 4, and on motion of plaintiffs the court entered an order striking the pleas numbered 1, 2 and 3, which order is the basis for the first assignment of error. These pleas numbered 1, 2 and 3 are Not Guilty, Never Were Indebted and Never Promised as Alleged, neither of which are applicable to a declaration on a promissory note; the motion to strike was properly sustained.

The second assignment of error is abandoned.

The third assignment of error attacks the order of the court dated August 25, 1924, granting motion of plaintiffs to allow a withdrawal of the joinder of issue on the 4th plea and permitting demurrer to be filed thereto. The record is silent as to any exception being taken to this order, and as the matter was entirely within the discretion of the court, no error was committed in granting the same.

Assignments of error numbered 4 and 5 are predicated upon the orders of the court dated September 18, 1924, and January 2, 1925, sustaining demurrers to the 4th plea of defendant as amended. As the plea filed December 1, 1924, and to which demurrer was sustained January 2, 1925, is in substance the same plea as the plea filed March 5, 1923, both assignments may be considered together.

From an examination of the authorities cited in plaintiff's brief, the case of Jarrett Lumber Company v. Reese, 66 Fla., page 320, is particularly relied on to sustain the plea. The distinction in this case and the one at bar may be readily noted. In Jarrett Lumber Company v. Reese, the plea of recoupment or set-off specifically discloses the damages demanded and sets out the same with sufficient

certainty to bring it within the rule laid down in Gonzales v. DeFuniak-Havana Tobacco Company, 41 Fla., page 471.

"A plea of set-off must describe the debt intended to be set off with the same certainty as in a declaration for the like demand."

In the case at bar the plea fails to allege facts upon which legal damages could be based, the damages demanded are purely speculative and no particular item of damage alleged with sufficient certainty to advise the plaintiffs of what the alleged damages consist.

Assignments of error 6 and 7 question the authority of the court to enter final judgment on demurrer, and the adjudication by the court of reasonable attorney's fee provided in the notes sued on.

As to the entry of judgment final on demurrer, this Court in Hooker v. Forrester et al., 53 Fla., p. 392, said:

"There must be a limit to pleading and after several sets of pleas have been held bad on demurrer and the defendand files still other pleas in which he reiterates and repeats substanitally the same defenses that have already been adjudged bad, a judgment is properly entered by the court upon the demurrer thereto."

"Upon sustaining demurrer to pleas the court may immediately or thereafter enter judgment final upon the demurrer."

Barnes v. Carr, 65 Fla., p. 87.

The assignment of error questions the authority of the court to enter final judgment, the notes stipulating an agreement for attorney's fee.

Section 4854 of the Revised General Statutes, which is now the law, is Chapter 6870, Acts of 1915, amending Chapter 5960, Acts of 1909. This section authorizes the court to enter a judgment for attorney's fees where the same is provided for in the note.

The record discloses that the trial court has adjudicated the amount allowed to be reasonable. The record does not disclose what evidence there was before the court on the subject other than the note, and in view of what the record does disclose as to the plea, this Court cannot say that the amount fixed by the court was excessive.

Williams v. Peninsular Grocery Co., 73 Fla., p. 937.

The judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause be, and the same is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.