332 So.2d 103 (1976)
R. Ivan SUMNER and Marian Sumner, His Wife, Appellants (Plaintiffs),
v.
INVESTMENT MORTGAGE COMPANY OF FLORIDA, a Florida Corporation, Appellee (Defendant).
No. X-434.
District Court of Appeal of Florida, First District.
May 12, 1976.
Rehearing Denied June 11, 1976.
*104 Jerome M. Novey, of Novey & Blanton, Tallahassee, for appellants.
Lawrence Renfroe, Tallahassee, for appellee.
MILLS, Judge.
Plaintiffs appeal from an adverse final judgment entered by the trial court following a nonjury trial in a usury case.
Although plaintiffs raise several issues, the determinative issue is whether the trial court erred in finding that at the time of a loan to plaintiffs the defendant did not have a corrupt intent to knowingly and willfully charge and receive an unlawful rate of interest.
The defendant, Investment Mortgage Company of Florida, is the lender. Service Mortgage Brokers, Inc., a subsidiary of Investment, is the broker. Service was incorporated to broker loans that had been brokered previously by Investment. They share the same offices and expenses, and have the same employees, stockholders, officers and directors.
The interest rate charged by Investment did not exceed ten percent. The brokerage fee charged by Service did not exceed that authorized by Chapter 494, Florida Statutes, under which both corporations were incorporated.
Sumner, a mathematics major and computer expert with the Lewis State Bank, negotiated a second mortgage loan with a Mrs. Fritz, an employee of Investment and Service. Mrs. Fritz handled the loan application, processed the loan, and closed the loan.
Sumner and his wife signed a note and second mortgage for $5,650.00, payable in sixty equal mothly installments at ten percent per year. The net proceeds paid to the Sumners was $5,000.00. The $650.00 was the broker's fee and was so indicated in the closing statement.
During the loan negotiations, the Sumners thought they were dealing solely with Investment, and were unaware of the existence of Service. However, at the closing, the check for $5,000.00, which was delivered to the Sumners, was made by Service.
During the loan negotiations, Sumner conferred with his attorney from time to time. After making several payments on the loan, the Sumners brought suit against Investment charging it with usury, because the interest charged plus the broker's fee charged exceeded the legal rate of interest.
Investment was initially incorporated to broker mortgages for its own account to be sold to investors. It was informed by the then Comptroller of Florida that it could charge broker's fees, although it intended to make mortgage loans with its own money for the purpose of then selling the mortgages. Subsequently, for tax purposes, *105 Service was incorporated for the purpose of handling the brokerage services.
Investment advertised its mortgages for sale, and from time to time would sell a mortgage, although not often. On occasion, Service would broker mortgage loans for other than Investment. The employees and officers of Investment stated that there was never an intent to charge more than the interest permitted by law.
Usury is a matter of intent. It is not determined by the fact that the lender receives more than the law permits. It is determined by the existence of a corrupt purpose in the lender's mind to get more than the legal rate of interest. Dixon v. Sharp, 276 So.2d 817 (Fla. 1973).
The parties are permitted to testify to their intention. Intent is gathered from the circumstances surrounding the entire transaction. River Hills, Inc. v. Edwards, 190 So.2d 415 (Fla.App.2d, 1966).
The difference between a lawful transaction and a usurious one is the difference between good faith and bad faith. Dixon v. Sharp, supra.
To willfully do something, it must proceed from a conscious motion of the will intending the result which comes to pass. Dixon v. Sharp, supra.
The party who alleges usury must establish the charge by clear and satisfactory evidence. Dixon v. Sharp, supra.
The trial court found that Investment did not have a corrupt intent to knowingly and willfully charge and receive an unlawful rate of interest. This finding comes to us with a presumption of correctness. Because the trial judge heard this case without a jury, we cannot disturb the finding unless it is clearly erroneous. We cannot say the trial court erred.
The Sumners contend that the trial court erred in failing to find that the broker's fee was a device used by Investment to charge usurious interest, and erred in failing to find that Service and Investment were one and the same corporation. It is unnecessary for us to consider these issues, because even if Investment technically violated Section 687.03, Florida Statutes, there was no clear showing of corrupt intent to willfully violate the statute. In Re Dekle, 308 So.2d 5 (Fla. 1975).
The judgment is AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.