388 So.2d 28 (1980)
Daniel SEPLER, Appellant,
v.
Annalee EMANUEL et al., Appellees.
No. 79-2331.
District Court of Appeal of Florida, Third District.
September 16, 1980.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellant.
Smathers & Thompson and John W. Keller, III, Miami, for appellees.
Before SCHWARTZ and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN (Ret.), Associate Judge.
The question presented by this appeal is: May the holder of a note which provides for an attorney's fee without specifying a percentage of the principal in event of enforcement be allowed a 10% fee without proof of the reasonableness of the amount of the fee? The trial judge held that Section 687.06, Florida Statutes (1977), authorized the assessment of an attorney's fee of 10% of the principal in every case where no more than 10% was requested by the successful plaintiff. Section 687.06 is as follows:
687.06 Attorney's fee in enforcing nonusurious contracts; proviso; insurance premiums; attorney's fee provided in note.-This chapter shall not be so construed as to prevent provision for the payment of such attorney's fees as the court may determine in cases brought before the court to be reasonable and just for legal services rendered in enforcing nonusurious contracts, either at law or in equity. This chapter shall not be construed so as to prohibit mortgagees from contracting for or collecting premiums for insurance actually issued on the property mortgaged, with the usual loss payable or mortgage clause attached thereto; provided further, that it shall not be necessary for the court to adjudge an attorney's fee, provided in any note or other instrument of writing, to be reasonable and just, when such fee does not exceed *29 10 percent of the principal sum named in said note, or other instrument in writing.
The appellant here was the defendant in the trial court to a suit to collect a promissory note in the principal amount of $70,000.00. The defendant paid the principal amount in discharge of all liability except that of the attorney's fee for enforcement. The note provided that the maker agreed to pay "all costs and expenses including, but not limited to attorney's fees". The plaintiff moved for a summary judgment upon the amount of the fee and the court without proof of reasonableness entered judgment for 10% of the principal.
We hold that Section 687.06, Florida Statutes (1977), does not authorize judgment for 10% of the principal unless that amount is specified in the note. See Cooper Grocery Co. v. Citizens Bank and Trust Co., 62 Fla. 142, 56 So. 435 (1911); Thorpe v. National City Bank of Tampa, 274 F. 200 (5th Cir.1921). An agreement by a party to pay an attorney's fee of an unspecified amount is an agreement to pay a reasonable attorney's fee. See Farnell v. Farquhar Mach. Co., 94 Fla. 887, 114 So. 506 (1927); Boyette v. Reliable Finance Company, 184 So.2d 200 (Fla.2d DCA 1966); Trustees of Cameron-Brown Investment Group v. Tavormina, 385 So.2d 728 (Fla.3d DCA, 1980), and Annot. 18 A.L.R.3d 733, 736 (1968). Thus, to sustain this judgment it would be necessary to hold that the quoted statute provides that in every case where there is an agreement to pay a reasonable attorney's fee, a fee of 10% is reasonable. Such a reading of the statute would be stretching its terms from an application to cases where "an attorney's fee provided in any note ... when such fee does not exceed ten percent of the principal sum ..." to an application to cases when "an attorney's fee is provided in any note ... and the amount requested by the plaintiff is only 10%".
It is often the case that where there is an agreement to pay a reasonable attorney's fee, it is shown that a fee of more than 10% is reasonable. Plaintiff would retain that right but deny to the defendant an opportunity to be heard when the defendant could show that a fee of less than 10% was reasonable. In our view such an interpretation of the statute would render it unconstitutional. The statute as written simply provides that where a party agrees to a fee of 10% or less, that fee need not be proved reasonable.
The judgment is reversed and the cause remanded.