455 So.2d 576 (1984)
Roger H. DEAN, Appellant/Cross Appellee,
v.
Jon Frederic COYNE, Appellee/Cross Appellant.
Nos. 83-1112, 84-287.
District Court of Appeal of Florida, Fourth District.
August 29, 1984.
Rehearing Denied September 24, 1984.
Richard M. Goldstein of Goldstein & Tanen, P.A., Miami, for appellant/cross appellee.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, and Moss, Henderson & Lloyd, P.A., Vero Beach, for appellee/cross appellant.
PER CURIAM.
This is an appeal by the maker of a promissory note, claiming the award of an attorney's fee of $15,000.00 to be excessive and a cross appeal by the payee, claiming the award to be inadequate. Subject to the discussion hereinbelow, we affirm the main appeal, there being substantial competent evidence to support the award. Similarly, we affirm the issue on cross appeal because the parties stipulated that the trial court could determine the issues of entitlement and amount.
However, we reverse the trial judge's determination that section 687.06, Florida Statutes (1983), is unconstitutional. The statute, assuming its applicability outside of the context of usury, does not prevent the court from looking into the reasonableness of the contract's provision for attorney's fees; it merely says there does not have to be such an inquiry when the provision calls for no more than a fee of 10%. We conclude this means when the contract flatly calls for a fee of 10% or less, there should be no judicial inquiry into the fee's fairness or reasonableness absent some plea for equitable consideration, e.g., unconscionability, but that when the contract is not limited to such ceiling on the fee, such adjudication is appropriate. Here the contract called for a 10% fee or such greater fee as may be just and reasonable. That provision left appellee free to seek a greater fee than 10%. While he did not do so, he could have; and the statute should not be read, in such circumstance, to permit him to try to show that a just and reasonable fee of more than 10% should be taxed, without also permitting appellant to show that a fee of less than 10% was in fact *577 proper. Were it so construed, the statute might then be found to be applied unconstitutionally because it might violate the maker's right to equal protection or access to the courts.
In Sepler v. Emanuel, 388 So.2d 28 (Fla.3d DCA 1980), the court said that if the statute is construed to permit the plaintiff to show a fee of more than 10% to be reasonable, it might be construed also to permit the defendant to show that a fee of less than 10% was reasonable; else the statute would be unconstitutional. Although this was stated in a factual context where the stated note provision called for an attorney's fees but failed to specify the amount, and the trial court assumed the 10% rate, mentioned in the statute, to be applicable, we believe we can extrapolate the foregoing to the instant situation.
DOWNEY and GLICKSTEIN, JJ., and SCOTT, ROBERT C., Associate Judge, concur.