496 So.2d 883 (1986)
James A. SZENAY and Cindy R. Szenay, Appellants/Cross-Appellees,
v.
John W. SCHAUB, III, and Valerie J. Davis, Appellees/Cross-Appellants.
No. 86-393.
District Court of Appeal of Florida, Second District.
October 15, 1986.
*884 James E. Aker of Icard, Merrill, Cullis, Timm and Furen, P.A., Sarasota, for appellants/cross-appellees.
Scott E. Gordon of Scott E. Gordon, P.A., Sarasota, for appellees/cross-appellants.
HALL, Judge.
Appellants James and Cindy Szenay appeal a final judgment of foreclosure. By cross-appeal, appellees John Schaub and Valerie Davis seek attorney's fees.
In 1984, appellants executed a wraparound, third mortgage on their property in favor of appellees as security for a loan. The mortgage was in the amount of $18,269.79. It wrapped around a second mortgage in the amount of $12,769.79, resulting in an actual loan to appellants of $5,500. The terms of the loan required that appellants pay appellees $500 on the 26th day of each month, commencing February 26, 1984, and terminating December 26, 1984. On January 26, 1985, appellants were to pay the remaining principal plus all accrued and unpaid interest which, according to the note and mortgage, would be $15,097.86. Appellees were to be responsible for the quarterly payments on the interest-free second mortgage on appellants' property during the term of the wraparound mortgage.
On April 22, 1984, appellees failed to make a quarterly payment on the second mortgage, and it was placed in foreclosure. Appellees attempted to have the mortgage reinstated but were unsuccessful and decided to pay it off. They then advised appellants that the favorable terms of the second mortgage would continue as long as appellants were current in their payments on the wraparound mortgage.
On December 26, 1984, appellants failed to make the last monthly payment on the wraparound mortgage, and on January 26, 1985, they failed to tender the final payment. Appellees then instituted a suit in foreclosure. The trial court entered a final judgment of foreclosure for a principal amount of $13,975.62 plus interest and costs. The judgment made no provision for attorney's fees.
Appellants raise three points on appeal. In their first point, appellants argue that the loan documents and amortization schedule reflect a rate of forty-two percent interest on the loan from appellees. Because this is a usurious rate of interest, appellants assert that the final judgment should be reduced in accordance with the penalty provisions of the usury statute. § 687.03, Fla. Stat. (1985).
Appellees respond that they did not intend to charge appellants a usurious rate of interest. Rather, a genuine mistake was made in calculating the amount of the promissory note. Consequently, appellees maintain, the trial judge correctly adjusted the amount to be paid appellees in accordance with the remedy provided in the promissory note for overpayment of interest.
"[U]sury is largely a matter of intent, and is not fully determined by the fact that the lender actually receives more than law permits, but is determined by existence of a corrupt purpose in the lender's mind to get more than legal interest for the money lent." Dixon v. Sharp, 276 So.2d 817 (Fla. 1973). This determination is the responsibility of the trier of fact.
The trial judge in the present case made no finding of usury in the final judgment. However, in determining the amount of principal appellants owe appellees, the judge implemented the following provision of the promissory note:
Notwithstanding any provisions in this note to the contrary, no interest, charges, or other payments in excess of those permitted by law shall accrue or become payable hereunder and any excessive *885 payments which may be made shall be applied to principal in reduction of the balance of this note.
It thus appears the trial judge found that even though the mortgage and note called for a usurious rate of interest, appellees had no intent to charge appellants such a rate. We agree. There is substantial, competent evidence to support this finding, and it thus represents no abuse of discretion on the part of the trial judge.
In their second point on appeal, appellants argue that they were damaged by the failure of appellees to keep the second mortgage current. We find no merit to this point as appellees had agreed that they would step into the shoes of the second mortgage holder and appellants would be allowed to continue the no-interest payments on the second mortgage until it was paid in full as long as they kept the payments current on the wraparound mortgage. Any damages that they might have incurred were caused by their default on the wraparound mortgage.
In their third point on appeal, with which appellees agree, appellants note that the final judgment states that it shall bear interest at the rate of eighteen percent a year. However, section 55.03, Florida Statutes (1985), provides that all judgments rendered after October 1, 1981, shall bear interest at twelve percent a year. Accordingly, we remand this case to the trial court for correction of the judgment to reflect a rate of twelve percent.
In their cross-appeal, appellees contend that the trial court erred in failing to award them attorneys fees as provided in the note and mortgage. We disagree. We believe that it would be inequitable to award appellees attorney's fees under the circumstances of this case,[1] especially in light of the fact that they allowed the second mortgage to be foreclosed.
The final judgment is affirmed but remanded for correction in accordance with this opinion.
DANAHY, C.J., and GRIMES, J., concur.
NOTES
[1] See Feemster v. Schurkman, 291 So.2d 622, 2630 (Fla. 3d DCA 1974) ("No indemnity for attorney's fees should be allowed ... for legal services rendered in attempting to enforce the usury, as distinguished from foreclosing the mortgage for the legally enforceable amount of the debt").