500 So.2d 695 (1987)
David A. GERGORA and Gail Gergora, His Wife, and George Gergora and Mary Gergora, His Wife, Appellants,
v.
GOLDSTEIN PROFESSIONAL ASSOCIATION DEFINED BENEFITS PENSION PLAN AND TRUST, Appellee.
Nos. 86-1369, 86-2004.
District Court of Appeal of Florida, Third District.
January 6, 1987.
*696 Jeffrey D. Swartz, Miami, for appellants.
Daniels & Hicks and Barbara Green, Goldstein Professional Ass'n, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
David and Gail Gergora challenge an adverse final judgment of foreclosure; George and Mary Gergora attack an adverse final judgment on a promissory note. The Gergoras also seek review of a post-decretal order assessing attorney's fees in favor of appellee Goldstein Professional Association Defined Benefits Pension Plan & Trust. Because the two appeals arose from the same transaction, this court consolidated the cases.
The Gergoras assert that the trial court erred. They argue: (a) appellee failed to present any evidence of the amount of interest and attorney's fees it was entitled to under the note and mortgage prior to entry of the judgments; (b) under the totality of the circumstances, appellee failed to purge the usurious interest pursuant to section 687.04(2), Florida Statutes (1979); (c) sufficient evidence established appellee's "corrupt intent"; and (d) the interest awarded on the note should have been assessed at the statutory rate of twelve percent, not eighteen percent, to run from the date of the alleged purge instead of from the inception of the loan. George and Mary Gergora claim that the trial court's final judgment against them is premature where the property has not been sold and no deficiency exists.
This lawsuit arose from a loan from appellee to the Gergoras. Appellee agreed to lend the Gergoras $50,000. Because the Gergoras needed funds more quickly than appellee was able to obtain cash, Goldstein, P.A. [P.A.] loaned the Gergoras $10,000. The Gergoras executed a note to appellee secured by a mortgage on property owned by David and Gail Gergora. The twenty percent interest rate on the note exceeded statutory limits. From the loan funds, the Gergoras repaid the P.A. with interest and retained the balance. The Gergoras failed to repay the loan, and appellee instituted an action against them. When counsel for the Gergoras informed appellee of the usurious interest rate, appellee dismissed the action immediately prior to the filing of the Gergoras' answer. The next day, Phillip *697 Goldstein, trustee for appellee, sent the Gergoras a letter reducing the interest rate on the note to eighteen percent. Appellee then refiled its lawsuit. Following trial, the court entered a judgment of foreclosure against David and Gail Gergora and a final judgment against George and Mary Gergora for the amounts due under the note. Subsequently, the court entered an order awarding attorney's fees against George and Mary Gergora.
Addressing the first point, we hold that George and Mary Gergoras' failure to file a notice of appeal directed to the post-decretal order on attorney's fees precludes this court from exercising jurisdiction to review that order. Velickovich v. Ricci, 391 So.2d 258 (Fla. 4th DCA 1980), review denied, 402 So.2d 614 (Fla. 1981); see Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979).
We turn next to the questions of whether appellee possessed "corrupt intent" to charge more than the legal rate of interest and whether appellee effectively purged itself of the usurious interest rate under section 687.04(2). A borrower who asserts usury as a defense must prove all the elements of usury by clear and satisfactory evidence. Dixon v. Sharp, 276 So.2d 817, 822 (Fla. 1973); I.R.E. Fin. Corp. v. Cassel, 335 So.2d 598 (Fla. 3d DCA 1976); Sumner v. Investment Mortgage Co. of Florida, 332 So.2d 103 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 327 (Fla. 1977); River Hills, Inc. v. Edwards, 190 So.2d 415, 423 (Fla. 2d DCA 1966). The elements of usury are:
(1) There must be a loan express or implied; (2) An understanding between the parties that the money lent shall be returned; (3) That for such a loan a greater rate of interest than is allowed by law shall be paid or agreed to be paid, as the case may be; and (4) There must exist a corrupt intent to take more than the legal rate for the use of the money loaned.
Dixon, 276 So.2d at 819 (citations omitted, emphasis in original); see River Hills. The trial court specifically found that the Gergoras failed to meet their burden of proving "corrupt intent" and that appellee complied with the statutory purge provision. A trial court's findings of fact come to this court clothed with a presumption of correctness. Summer. Substantial competent evidence supports the trial court's findings, and thus we find no error. Szenay v. Schaub, 496 So.2d 883 (Fla. 2d DCA 1986); Sumner.
Finally, we examine George and Mary Gergoras' contention that the trial court erred in prematurely entering a deficiency judgment against them. In our view, however, George and Mary Gergora mischaracterize the nature of the judgment. The trial court did not enter a deficiency judgment; it entered a judgment holding them liable as co-makers of the promissory note. Thus, the trial court correctly entered judgments on both claims.
The Gergoras' remaining point lacks merit.
Affirmed.