# FIRST UNION NATIONAL BANK OF FLORIDA, N.A., Plaintiff,

v.

# Howard KASKEL, Defendant.

## No. 93–1750–CIV.

United States District Court, S.D. Florida.

March 16, 1994.

Juan J. Rodriguez, Miami, FL, for defendant.

Darrell Payne, Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, FL, for plaintiff.

## *ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

HIGHSMITH, District Judge.

This cause came before the Court upon Plaintiff First Union National Bank of Florida's ("First Union") Motion for Summary Judgment, filed December 6, 1993. For the reasons stated below, the Court grants summary judgment in favor of First Union.

### *UNDISPUTED FACTS*

First Union brought this action against Defendant Howard Kaskel ("Kaskel") to enforce an unsecured demand renewal promissory note ("the Note"). The Note was executed by Kaskel in favor of Southeast Bank, N.A. ("Southeast"), First Union's predecessor in interest, in exchange for a $2,000,-000.00 loan. The Note required Kaskel to pay interest quarterly, and to pay principal upon demand. The Note also provided that Kaskel agreed to pay all costs of collection, including attorney's fees, in the amount of (a) ten (10) percent of the principal and accrued interest due, or (b) the reasonable attorney's

fees and costs actually incurred, whichever is greater.

Southeast subsequently became insolvent and, on September 19, 1991, First Union purchased the Note from the Federal Deposit Insurance Corporation, the appointed receiver of Southeast. First Union thereafter demanded that Kaskel provide adequate security for the Note and pay all interest due and owing. On August 27, 1993, upon Kaskel's failure to comply, First Union made written demand for repayment of the principal, plus accrued interest and late charges. Kaskel still did not comply, and this action ensued.

## STANDARD OF REVIEW

In deciding a summary judgment motion, the Court must apply the standard set forth in *Fed.R.Civ.P.* 56(c), which states in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The United States Supreme Court has addressed the standard for summary judgment, as set forth in Rule 56(c), as follows:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

After the moving party has met this initial burden, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). *Fed.R.Civ.P.* 56(e), however, does not permit the nonmoving party to avoid summary judg-

ment by resting on the pleadings, but "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, the mere existence of a scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512.

## DISCUSSION

Preliminarily, the Court notes that the undisputed facts as developed above are based solely on First Union's Amended Statement of Material Facts and the supporting affidavits appended to its motion for summary judgment. Kaskel does not challenge any of the facts asserted by First Union, and only disputes the legality of the attorney's fee provision in the Note. Moreover, Kaskel relies solely on the pleadings and does not provide any controverting affidavit, deposition, or other paper evidencing a genuine issue for trial. Accordingly, pursuant to Rule 7.5 of the Local Rules for the United States District Court for the Southern District of Florida, all of the material facts as set forth by First Union are deemed admitted, including the existence and the amount of the debt, execution and delivery of the Note, and First Union's right to enforce the Note.

■ Notwithstanding the foregoing, Kaskel contends that summary judgment is inappropriate because a genuine issue of material fact exists as to the amount to be recovered under the Note. Specifically, he asserts that the amount of attorney's fees to be awarded is an element of damages and must be decided by the Court based upon the evidence presented. The Court finds that Kaskel's assertion in this regard is without merit. Florida law governs this action. *Pulte Home Corp., Inc. v. Ply Gem Indus., Inc.,* 804 F.Supp. 1471, 1481–82 (M.D.Fla.1992). Under Florida law, the recovery of attorney's fees is *ancillary* to a claim for damages. *Cheek v. McGowan Elec. Supply Co.,* 511

So.2d 977, 979 (Fla.1987). Moreover, attorney's fees predicated upon a provision in a contract may be awarded upon proof "presented for the first time after final judgment pursuant to a motion for attorney's fees." *Id.* Accordingly, the Court finds that summary judgment on the issues presented is appropriate.

■ Kaskel also asserts that the fee provision in the Note is void as against public policy because it allows for a flat percentage to be paid without taking into account other considerations, such as "ethical criteria." First Union argues that the provision at issue is controlled by Florida Statute § 687.06 and, as such, there is no need for the Court to inquire into the matter. The Court finds that § 687.06 controls this action.

Section 687.06, provides, in pertinent part, that "it shall not be necessary for the court to adjudge an attorney's fee, provided in any note or other instrument of writing, to be reasonable and just, when such fee does not exceed ten percent of the principal sum named in said note, or other instrument in writing." Fla.Stat. § 687.06. A fair reading of this statute indicates that the Court is not prevented "from looking into the reasonableness of the contract's provision for attorney's fees; it merely says there does not have to be such an inquiry when the provision calls for no more than a fee of 10%." *Dean v. Coyne,* 455 So.2d 576 (Fla. 4th DCA 1984). Likewise, a provision calling for more than ten (10) percent of the principal sum is not automatically invalid; it just requires the Court to assess the reasonableness of the fee sought. Accordingly, the Court finds that the fee provision at issue is valid and enforceable.[1]

In this case, the principal sum named in the Note is $2,000,000.00. Ten percent of this amount would be $200,000.00. Although the fee provision at issue could conceivably result in a fee award in excess of the ten-percent limitation, First Union is only seeking those attorney's fees actually incurred, namely $11,951.06.[2] Based on these facts, an award of attorney's fees to First Union, pursuant to the terms of the fee provision of the Note, will not exceed the ten-percent limitation. Nevertheless, the Court has reviewed the affidavits appended to First Union's motion for summary judgment, and now finds that the actual fees sought by First Union are reasonable in amount. Moreover, Kaskel has not disputed the amount in fees that First Union asserts it actually incurred. Accordingly, First Union is entitled to the award it seeks; namely, those attorney's fees actually expended in connection with this action.

### CONCLUSION

First Union has demonstrated that there is no genuine dispute as to any material fact. On the other hand, Kaskel has failed to demonstrate by more than conclusory allegations or denials that there is a genuine issue for trial. For these reasons, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff First Union's Motion for Summary Judgment is GRANTED.

2. The Court shall enter judgment in favor of First Union National Bank of Florida, N.A. and against Howard Kaskel by separate order, pursuant to *Fed.R.Civ.P.* 58. To this end, First Union shall submit a proposed order of Summary Final Judgment within five (5) days of the date of this Order.

DONE AND ORDERED.

---

1. The Court notes that the cases cited by Kaskel in support of his position are inapposite. Those cases dealt solely with excessive fees in contracts for attorney services and, as such, do not fall within § 687.06.

2. First Union is also seeking to recover $433.91 for its actual costs expended in this action.

Kaskel does not contest this amount. Accordingly, the Court finds that First Union is entitled to $433.91 in costs.