VAN NORTWICK, Judge.
Paul Donofro, Jr., as personal representative of the Estate of Joan Donofro, deceased, appeals both a final declaratory judgment ruling that usury does not constitute a defense to or basis for avoidance of a promissory note and mortgage made by Joan Donofro and held by appellee, Robert K. Dick, and an order granting attorney’s fees to Dick. Do-nofro argues that the trial court erred (i) in finding that Dick did not possess the requisite “corrupt intent” to receive more than the lawful rate of interest under the Donofro note and (ii) in granting “reasonable” attorney’s fees of $5,576 when the promissory note and mortgage provide for attorney’s fees in the amount of 10 percent of the principal due under the note or $750, whichever is greater.
Although the record contains conflicting evidence concerning Dick’s “corrupt intent to knowingly and willfully charge and receive an unlawful rate of interest,” Sumner v. Investment Mortgage Co. of Florida, 332 So.2d 103, 105 (Fla. 1st DCA 1976), because competent and substantial evidence in the record supports the findings of the trial court, we cannot say the findings on the usury issue are clearly erroneous. Jersey Palm-Gross, Inc. v. Paper, 658 So.2d 531, 534 (Fla.1995) (usury is largely a matter of intent to be gathered from the circumstances surrounding the transaction and, because the question of intent is one of fact, the ultimate arbiter on the issue is the trial court). We thus affirm the final declaratory judgment.
We reverse the award of attorney’s fees, however, because the awarded fees of $5,576 exceed those specified in the instant note and mortgage.[1] The record reflects *1040 that a principal of $22,000 was owed under the instant note at the time this action was filed, which would result in attorney’s fees of $2,200 under the terms of the note and the mortgage. Under section 687.06, Florida Statutes (1993),[2] where the parties have agreed to the amount of an attorney’s fee in a written instrument, such as a promissory note or mortgage, and the fee does not exceed 10 percent of the principal sum of the note or other instrument, the specified attorney’s fee is deemed reasonable and, absent a showing that the fee raises equitable questions, such as unconseionability, the parties have contracted away their opportunity to have judicial inquiry into whether a fee greater or less than the contracted fee would be reasonable. Sepler v. Emanuel, 388 So.2d 28, 29 (Fla. 3d DCA 1980); A & E International Enterprises, Inc. v. Gold Credit Company, 450 So.2d 1166 (Fla. 3d DCA), rev. denied, 461 So.2d 113 (Fla.1984); Dean v. Coyne, 455 So.2d 576 (Fla. 4th DCA 1984).
Accordingly, the declaratory judgment is AFFIRMED, the order on attorney’s fees is REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.
JOANOS and BENTON, JJ., concur.

. The promissory note in the instant case provides that the maker of the note will pay all costs of collection, "including a reasonable attorney’s fees in the amount of 10% of the principal amount then due and owing.” The mortgage in the instant case provides, in part, that the mortgagor agrees:
*1040 To pay all and singular the cost, charges and expenses, including reasonable attorney’s fees (in the amount of 10% of the principal sums then due hereunder or under any note or obligation secured hereby, or $750, whichever is greater).

. Section 687.06, Florida Statutes (1993), provides:
687.06 Attorney’s fee in enforcing nonusurious contracts; proviso; insurance premiums; attorney’s fee provided in note.. — This chapter shall not be so construed as to prevent provision for the payment of such attorney's fees as the court may determine in cases brought before the court to be reasonable and just for legal services rendered in enforcing nonusurious contracts, either at law or in equity. This chapter shall not be construed so as to prohibit mortgagees from contracting for or collecting premiums for insurance actually issued on the property mortgaged, with the usual loss payable or mortgage clause attached thereto; provided further, that it shall not be necessary for the court to adjudge an attorney's fee, provided in any note or other instrument of writing, to be reasonable and just, when such fee does not exceed 10 percent of the principal sum named in said note, or other instrument in writing. (Emphasis added).