**L. G. EDWARDS v. MIAMI TRANSIT COMPANY, a Florida Corporation.**

7 So. (2nd) 440                         Special Division A
March 31, 1942             Rehearing Denied May 2, 1942

Price & Price for plaintiff in error.
Worley & Gautier for defendant in error.

BUFORD, J.:

Writ of error brings for review judgment on demurrer sustained to an amended declaration.

The declaration sought recovery for services rendered under a contract, the terms of which were submitted in a letter and accepted by the plaintiff. The letter is as follows:

"Mr. L. G. Edwards,
 Miami, Florida.

 Dear Sir:

 "Whereas the Miami Transit Company is desirous of and is attempting to secure a franchise to operate its busses for transportation over the streets of the City of Miami, Florida, and

"Whereas, you have already rendered services in an endeavor to secure such a franchise for said Miami Transit Company, and have expended some sums of money in such and endeavor,

"Now, therefore, this letter is written to you to verify our understanding and agreement that for and in consideration of the services rendered and to be rendered in an endeavor to secure a proper and legal franchise for the Miami Transit Company to operate its buses for transportation over the said streets of the City of Miami, Florida, we hereby agree as follows:

"1.   That in the event a franchise is granted to the said Miami Transit Company by the City of Miami, Florida, giving and granting unto the said Miami Transit Company certain rights and privileges to operate its buses over and upon the streets of the said City for transportation purposes, and that said franchise is submitted to the public to be voted upon by the voters of said city in a due and legally called election, and the same is voted upon favorably for said Miami Transit Company, then within thirty (30) days after said franchise agreement becomes valid and binding according to law, and accepted by said Miami Transit Company according to law, we hereby agree to deliver and give to you $30,000.00 in cash, or at our option, preferred stock of the Miami Transit Company at the face value of an amount of $30,000.00, or in a corresponding amount in its successor corporation or resultant corporation for a consolidation of the said Miami Transit Company and any other corporation."

The amended declaration is in the following language:

"Now comes the plaintiff in the above styled and entitled cause by leave of the Court first had and obtained, and amends the declaration filed herein and says:

"That, heretofore, towit, prior to the 1st day of December, 1936, that Miami Transit Company was and is a corporation operating transportation busses within the City of Miami, and that said Miami Transit Company was desirous of and was attempting to secure a franchise to operate its busses for transportation over the streets of the City of Miami, Florida, and that plaintiff prior to said 1st day of December, 1936, rendered certain services to the defendant and assisted the said defendant in an endeavor to secure a franchise from the City of Miami to operate its busses for transportation over and upon the streets of the City of Miami, Florida, and that plaintiff did expend certain sums of money in assisting the said defendant to procure such franchise; that on December 1, 1936, the said Miami Transit Company, in recognition of the work done and moneys expended by this plaintiff, did make, execute and deliver unto this plaintiff its certain agreement, wherein and whereby it did promise and agree, in consideration of the services performed and moneys spent and subsequent services to be performed, that in the event a franchise was granted to the said Miami Transit Company by the City of Miami, Florida, giving and granting unto the said Miami Transit Company certain rights and privileges to operate its busses over and upon the streets of the said city for transportation purposes and that said franchise was submitted to the public to be voted upon by the voters of said city in a duly and legally

called election and the same was voted upon favorably for said Miami Transit Company, then and in such event, within thirty days after said franchise agreement should become valid and binding according to law and accepted by the said Miami Transit Company, it would pay unto plaintiff the sum of $30,000.00 in cash, or at its option, would deliver preferred stock of the Miami Transit Company at the face value of an amount of $30,000.00, or in a corresponding amount in its successor corporation or resultant corporation for a consolidation of the said Miami Transit Company and any other corporation. A copy of which said agreement is hereto attached, marked Exhibit 'A', and made a part hereof.

"Plaintiff avers that subsequent to the said agreement, he did use his best efforts to assist in the procurement of a franchise for the said Miami Transit Company to operate its busses for transportation in the City of Miami and that thereafter the said City of Miami did give and grant unto the Miami Transit Company certain rights and privileges to operate its busses over and upon the streets of the City of Miami for transportation purposes and that said franchise was submitted to the public to be voted upon by the voters of said City in a duly and legally called election and that same was voted upon favorably for said Miami Transit Company; that said franchise became valid and binding according to law and was accepted by the said Miami Transit Company.

"Plaintiff avers that although he did and performed all acts required of him, and although the said franchise was duly granted and accepted, and that such granting of such franchise and the acceptance thereof was more than thirty days next prior to the 14th day

of April, 1941, yet the said defendant has failed and refused to pay unto the plaintiff the aforesaid sum of $30,000.00 in cash.

"Plaintiff further avers that the said defendant within said thirty days failed to exercise its option to deliver to plaintiff preferred stock in the said Miami Transit Company or in a successor corporation or resultant corporation for a consolidation of said Miami Transit Company and any other corporation.

"Wherefore, Plaintiff sues and claims damages in the sum of $30,000.00, together with interest from the 17th day of November, 1940, at six per cent per annum."

The demurrer states the following grounds:

"1. Said declaration fails to state a cause of action.

"2. It appears in and by said declaration and copy of the agreement attached thereto, that the same is so indefinite and uncertain that said agreement is unenforceable at law.

"3. It affirmatively appears in and by the declaration and the agreement attached thereto, that the alleged services were to be rendered and franchise to be given to the defendant within a reasonable time from December 1, 1936, and that whereas the same was not granted and accepted by the defendant, and that the services alleged to have been performed by the plaintiff were not performed by the plaintiff within a reasonable length of time, according to law, and therefore, the plaintiff cannot recover.

"4. It affirmatively appears in and by the declaration and agreement attached thereto that the said contract is not enforceable.

"5. Said declaration contains conclusions of the pleader.

"6. Said declaration fails to show what services were to be rendered on the part of the plaintiff, and that the same were rendered, which would entitle him to recover on the alleged agreement.

"7. It affirmatively appears in and by said declaration and agreement that the same is so indefinite and uncertain as to the acts to be performed by the plaintiff that it is unenforceable.

"8. Said declaration fails to show what certain rights and privileges were to be granted unto the defendant by said franchise.

"9. Said declaration fails to show that the particular rights and privileges as contained in said alleged agreement were ever granted unto the defendant.

"10. Said declaration fails to allege that the plaintiff performed the services which he was supposed to have performed before he would be entitled to bring suit.

"11. It fails to appear in and by said declaration that the franchise which Miami Transit Company did receive and accept was the type, kind and character which was contemplated by the alleged agreement.

"12. It affirmatively appears in and by said declaration and the agreement thereto attached that there was no consideration."

It will be observed that there was no motion that a Bill of Particulars be required. The declaration does not show on its face that the contract or the performance of the contract which was the basis of the suit was against public policy, or that the declaration was insufficient to withstand any ground of the demurrer, supra. The declaration does not wholly fail to state a cause of action.

If the suit is based on a non-enforceable contract, such issue may be determined on proper pleadings and issues made in regard to such matter. See Dominion Transportation Co. v. Norman R. Hamilton, 146 Va. App. 594, 131 S.E. 850, 46 A.L.R. 186, and cases there cited. Also see annotation following this case in 46 A.L.R.

In A.C.L. R.R. Co. v. Beasley, 54 Fla. 311, 45 Sou. 761, it was held:

"A contract is not void as against public policy unless it is injurious to the interests of the public or contravenes some established interest of society."

"The law will not presume, unless it is forced to do so, that a person intends to do an illegal act. It will not, therefore, presume that the parties intended to make an illegal contract." Richards v. Ernst Wiener Co., 207 N. Y. 59, 100 N.E. 592.

In Brightman v. Bates, 175 Mass. 105, 55 N.E. 809, the Court held:

"The question before us is not whether or not it would be possible to carry out the contract in a way which would have made the contract bad if specified in it, but whether it was possible to carry out the contract in a way which might lawfully have been specified in advance."

What was said there is applicable here. The contract here under consideration conceivably could have been lawfully performed without anyone engaging in any act or practice which was contrary to public morals or to public welfare. In the state of the pleadings before us, it is not necessary for us now to determine what would constitute a good defense to this declaration and, therefore, we refrain from dis-

cussing the question as to what may or may not be a contract in derogation of public policy.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings.

So ordered.

BROWN, C. J., TERRELL, and ADAMS, JJ., concur.