669 So.2d 1058 (1996)
Jacqueline NOONAN-JUDSON, Appellant/Cross-Appellee,
v.
M. Delores Page SURRENCY, etc., et al., Appellees/Cross-Appellants.
No. 94-2537.
District Court of Appeal of Florida, Fifth District.
February 9, 1996.
Rehearing Denied March 18, 1996.
*1059 Stewart B. Capps of Stewart B. Capps, P.A., Indialantic, for Appellant/Cross-Appellee.
Vincent G. Torpy, Jr., Melbourne, for Appellees/Cross-Appellants.
DAUKSCH, Judge.
This is an appeal from a final judgment in which the trial court determined that appellant elected her remedy by foreclosing on a note and mortgage. Appellees/cross-appellants filed a cross-appeal contending that the trial court erred by not finding the transaction usurious. We hold that this agreement was not usurious and the trial court erred in applying the doctrine of election of remedies. Further, we hold that the trial court erred by not enforcing the preliminary agreement through imposition of a resulting trust on the property.
Surrency held a second mortgage on a property in Palm Bay. NationsBank, the first mortgagee, foreclosed on the property and a judicial sale of the property was set. Surrency, in order to save her interest in the property, had to find a party willing to refinance or lend her money to redeem the mortgage. Attorney William Dixon assisted and advised Surrency during this time.
On the day before the sale Dixon contacted Surrency and told her that another client of his, Noonan-Judson, might be willing to assist her. Dixon met with Noonan-Judson and the two agreed to the following terms:
1. Noonan-Judson would put up $97,000 to bid the property at the foreclosure;
2. the property would be placed on the market and sold; and
3. Noonan-Judson's initial investment of $97,000 would be repaid from the sale proceeds and the amount remaining would be divided in half between Noonan-Judson and Surrency.
Noonan-Judson wrote a check for $97,000 with a notation stating "investment" on the check.
Dixon testified and the trial court found that Surrency agreed to this arrangement. At the judicial sale Dixon bid $97,000 for the property in his name as trustee for Surrency. Later, Dixon prepared a mortgage deed and note for Noonan-Judson for $97,000 which also provided for monthly payments of $1,500 to her prior to the house being sold. Dixon testified that he delayed putting the trust terms in writing to give Surrency time to hammer out auxiliary terms related to the marketing of the property. Surrency failed to make the $1,500 monthly payments.
Noonan-Judson filed a two-part complaint asking in Count I that the note and mortgage be foreclosed and in Count II the court impose an express, resulting or constructive trust on the property. The trial court granted Noonan-Judson's motion for partial final summary judgment on the mortgage foreclosure claim. The court granted her a mortgage lien of $113,378.51 and ordered the property to be sold. At the sale Surrency redeemed the mortgage.
At a later date, the trial court heard testimony on Count II of Noonan-Judson's complaint requesting the imposition of a trust on the property. Although the court found that Surrency understood and consented to the terms of the agreement, the court denied Noonan-Judson's request for imposition of a trust on the property. The court ruled that Noonan-Judson, in choosing the mortgage foreclosure action, had elected her remedy and thus eliminated the preliminary agreement to enter into a written trust agreement as a remedy.
*1060 We agree with Noonan-Judson that the trial court erred in applying the doctrine of election of remedies in this case for two reasons. First, Surrency failed to plead this doctrine as an affirmative defense and the court's inquiry was framed by the pleading. Des Rocher & Watkins Towing Co. v. Third Nat'l Bank, 106 Fla. 466, 143 So. 768 (1932); Harold Silver, P.A. v. Farmers Bank & Trust Co. of Kentucky, 498 So.2d 984 (Fla. 1st DCA 1986); Ecological Science Corp. v. Boca Ciega Sanitary Dist., 317 So.2d 857 (Fla. 2d DCA 1975); First Bank & Trust Co. v. Mellay, 156 So.2d 518 (Fla. 2d DCA 1963). Where an issue is not presented by pleading or litigated by parties during a hearing, a judgment based on that issue is voidable on appeal. Cortina v. Cortina, 98 So.2d 334 (Fla.1957). Second, because the remedies are not inconsistent, the doctrine of election of remedies does not apply in this case. Barbe v. Villeneuve, 505 So.2d 1331 (Fla. 1987); Goldstein v. Serio, 566 So.2d 1338 (Fla. 5th DCA 1990), rev. den., 576 So.2d 291 (Fla.1991). For these reasons it was error to apply the doctrine of election of remedies and not to have imposed a resulting trust on the property. See also Grapes v. Mitchell, 159 So.2d 465 (Fla.1963); F.J. Holmes Equip., Inc. v. Babcock Bldg. Supply, Inc., 553 So.2d 748 (Fla. 5th DCA 1989).
Finally, Surrency in her cross-appeal contends the agreement in this case was usurious. We affirm the trial court's ruling that this transaction was not usurious. Sumner v. Investment Mortgage Co. of Florida, 332 So.2d 103 (Fla. 1st DCA 1976). Further, Surrency failed to plead this as an affirmative defense and is thus barred from presenting it by way of counterclaim. Cerrito v. Kovitch, 457 So.2d 1021 (Fla.1984).
Therefore, the trial court's ruling is reversed and remanded for entry of judgment in accordance herewith.
REVERSED and REMANDED.
HARRIS and ANTOON, JJ., concur.