704 So.2d 1131 (1998)
Brian NEIMAN, Appellant,
v.
Kevin GALLOWAY, et al., Appellees.
No. 96-3923.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
*1132 H. Dohn Williams, Jr., P.A., Fort Lauderdale, for appellant.
No brief filed on behalf of appellees.
WARNER, Judge.
The trial court sua sponte granted a judgment for the appellees in this suit on a promissory note, finding that the contract between the parties was unconscionable and against public policy. We reverse, holding that unconscionability is an affirmative defense which must be raised by proper pleading and that the facts before the trial court did not show that this contract was against public policy.
The parties were involved with each other in connection with an insurance fraud investigation by the Broward State Attorney's office. One of the appellees, Kevin Galloway, had claimed insurance benefits as the result of an accident, and the appellant, Brian Neiman, helped him file his claim. As a result of the insurance company's claims of fraud, the state attorney's office called both Galloway and Neiman in for questioning.
Later, another individual, Hammell, and Galloway were charged with staging the accident from which the insurance claim was made. Neiman and Galloway then jointly hired an attorney, and Neiman loaned Galloway the funds to pay his portion of the fee. Galloway and his wife, the other appellee, executed a note to Neiman for the amount.
Galloway subsequently entered a plea of nolo contendere and was placed on probation. Hammell was convicted and sentenced to five years imprisonment. Galloway's wife was also charged in the incident, and entered into a plea agreement in which she agreed to testify against Neiman. Neiman was charged several years later in connection with the investigation. At that time, he retained a different attorney to represent him. The state nolle prossed all but one charge, which was reduced to a third-degree felony to which Neiman pled.
After the completion of the criminal proceedings, Neiman sued the Galloways on the promissory note. The Galloways answered with a general denial, asserting no affirmative defenses. In the meantime, the Galloways filed for bankruptcy, which Neiman successfully avoided due to the fraud contained in the Galloways' petition for bankruptcy. Returning to the circuit court, Neiman moved for summary judgment. The Galloways did not file a cross motion. The trial court denied Neiman's motion for summary judgment, vacating a predecessor judge's order which deemed requests for admission admitted, and then finding that the contract was unenforceable as a matter of public policy and unconscionable as a matter of law.
In actions based on contract, "unconscionability" must be pleaded and proved by the party asserting it. See Southworth & McGill, P.A. v. Southern Bell Tel. & Tel. Co., 580 So.2d 628, 630-31 (Fla. 1st DCA 1991). Here the matter was not pled. The court should not have addressed the issue sua sponte on Neiman's motion for summary judgment.
As to the court's determination that the contract was unenforceable as a matter of public policy, "`[a] contract is not void, as against public policy, unless it is injurious to the interests of the public, or contravenes some established interest of society.'" Edwards v. Miami Transit Co., 150 Fla. 315, 7 So.2d 440, 442 (1942) (quoting Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 So. 761, 762 (1907)). Nevertheless, the law should not presume that the parties intended to form an illegal contract, and the court should focus on whether the contract could have been performed without anyone acting contrary to the public welfare. See Edwards, 7 So.2d at 442; see also Herian v. Southeast Bank, N.A., 564 So.2d 213, 214 (Fla. 4th DCA 1990).
From what is in this record, we cannot conclude that the contract was violative of public policy. Here, two potential codefendants in a criminal proceeding hired one attorney to represent them both. Galloway, the first to be charged, received the services *1133 of this attorney. The trial court surmised that:
By paying Kevin's attorney's fee in 1991, Neiman could essentially assist in the direction or orchestration of Kevin's defense, to Neiman's own benefit, regardless of whether or not any conflict of interest in joint representation was waived. Therefore, this Court finds that the note and addenda are unenforceable as a matter of public policy, because Neiman should not profit from his own wrongdoing.
However, there is nothing in the record to substantiate the court's charges. What we know is that Galloway got a very favorable plea agreement, which provided that he serve probation only. There is nothing to indicate that there was any conflict of interest between the parties, nor indeed that Neiman in any way orchestrated Galloway's defense. Additionally, there is nothing to suggest that the monies were not paid for the services of the attorney. In short, there is no evidence indicating that this contract was not made and carried out without violating any public policy at all.
We therefore reverse and remand for further proceedings as there are disputed issues of fact.
DELL, J., and PARIENTE, BARBARA J., Associate Judge, concur.