711 So.2d 1246 (1998)
KERRIGAN, ESTESS, RANKIN & McLEOD; Montgomery & Larmoyeux; Sheldon J. Schlesinger, P.A., Robert G. Kerrigan; Robert M. Montgomery, Jr.; Sheldon J. Schlesinger; Nance, Cacciatore, Sisserson, Duryea & Hamilton; Howard & Associates, P.A.; and Yerrid, Knopik & Mudano, P.A., Petitioners,
v.
STATE of Florida, et al., and The American Tobacco Company, et al., Respondents.
Nos. 97-4008, 97-4222, 97-4311 and 97-4328.
District Court of Appeal of Florida, Fourth District.
May 18, 1998.
*1247 James W. Beasley, Jr., David Leacock and Robert J. Hauser of Beasley, Leacock & Hauser, P.A., West Palm Beach; and Bruce S. Rogow and Beverly A. Pohl of Bruce S. Rogow, P.A., Fort Lauderdale, for Robert M. Montgomery, Jr.; Montgomery & Larmoyeux; Sheldon J. Schlesinger; Sheldon J. Schlesinger, P.A.; and Kerrigan, Estess, Rankin & McLeod; Robert G. Kerrigan.
Arnold R. Ginsberg of Ginsberg & Schwartz, Miami, for Nance, Cacciatore, Sisserson, Duryea & Hamilton.
Gerald J. Houlihan of Houlihan & Partners, P.A., Miami, for Howard & Associates, P.A.
Stuart C. Markman and Susan H. Freemon of Kynes, Markman & Felman, P.A., Tampa, for Yerrid, Knopik & Mudano, P.A.
Robert A. Butterworth, Attorney General, Jim Peters, Assistant Attorney General, and Kimberly J. Tucker, Deputy General Counsel, Tallahassee; Myron H. Burnstein, Deputy Attorney General, Fort Lauderdale; and Parker D. Thomson and Carol A. Licko of Thomson, Muraro, Razook & Hart, P.A., Miami, for respondents.
PER CURIAM.
Petitioners seek review of an order quashing their charging liens. We grant the petition for certiorari, quash the trial court's order, and remand for further proceedings.
Pursuant to section 409.910(15)(b), Florida Statutes, the State of Florida and others (the state) contracted with a team of private attorneys, including the petitioners, to sue the American Tobacco Company and others (the defendants) to recover health care costs caused by tobacco products.[1] Approximately two years after the action was filed, the state settled the monetary claims in direct negotiations with the defendants and their lawyers. Petitioners allege that, while some of the state's private lawyers may have participated in the negotiations, petitioners did not participate. The settlement agreement provided for the defendants to pay the state's reasonable attorneys' fees as determined by arbitration and did not mention the state's contingent fee contract with its team of private counsel.
Prior to the due date of the defendant's $750 million initial payment under the settlement, the petitioners filed the disputed charging liens to protect their 25% contingent fee contractual rights as to the $750 million payment. The state moved to quash the charging liens and the trial court granted the motion. In its order granting the motion and quashing the charging liens, the trial court made other rulings which we address for the sake of judicial economy. Nothing in this opinion however, should be construed as any indication of our opinion on the substantive issues in this case, which we have not considered.
The charging lienors filed four notices of appeal, now consolidated. We treat the appeals from this non-final order as a petition for writ of certiorari and grant the petition because the order departs from the essential requirements of law and the petitioners have no adequate remedy on appeal. Florida courts have long recognized the *1248 charging lien to which an attorney may be entitled when the attorney's services have produced a positive judgment or settlement for the client. See Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 91-92 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla.1988). The lien is "an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." [emphasis supplied] 517 So.2d at 91 (quoting Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983)). An order quashing a charging lien may present the prospect of irreparable harm because there may be no other way to secure counsels' claims for fees and costs. See generally Rutherford, Mulhall & Wargo, P.A. v. Antidormi, 695 So.2d 1300 (Fla. 4th DCA 1997) (granting certiorari review as to order disregarding law firm's retaining lien in client's file). Because we find the prospect of irreparable harm to be present here, we have certiorari jurisdiction. We also find, as we will later explain, that the petitioners were denied due process, which constitutes a departure from the essential requirements of law.
In its motion to quash the charging liens, the state argued that as a matter of law, under the doctrine of sovereign immunity, the settlement payments constitute state property which cannot be subject to a lien. The state also argued that the private attorneys collectively had agreed to substitute the fee provisions of the settlement agreement for the contingency fee contract, i.e., that there was a novation of the original fee agreement. By agreement, the hearing on the motion to quash was limited to the state's legal argument, with the understanding that the question of novation would be heard at a later date if the legal argument did not prove dispositive.
Following the hearing, the trial court deferred ruling on the state's legal argument for 30 days to give the parties an opportunity to settle their differences. When they failed to settle during the allotted period, the trial court, without further notice of hearing, entered its order granting the state's motion and quashing the charging liensbut not based on the argument raised by the state. In its order, the trial court acknowledges that its reason for quashing the charging liens was neither pleaded nor argued by the parties or counsel. The trial court stated:
Although the Plaintiffs have presented several arguments in favor of their motion, this Court finds the dispute in this case should be covered by Rules Regulating The Florida Bar, Rule of Professional Conduct, Rule 4-1.5 Fees for Legal Services. All parties and counsel seemed to have overlooked these Rules. I find the Rules are determinative of the motion in this case.
Because the parties to the contingent fee contract had no opportunity to present any evidence or argument on the applicability of rule 4-1.5 fees for legal services, we do not address this issue.
We conclude that the trial court's order expressly granting the state's motion on a basis which was neither noticed nor litigated by the parties departed from the essential requirements of law because it denied Petitioners due process. An order denies due process if it adjudicates an issue that was not presented by the parties or the pleadings. See Cortina v. Cortina, 98 So.2d 334 (Fla.1957) (quashing order in which court sua sponte, without notice to parties, following hearing on the former wife's contempt for failure to allow reasonable visitation, amended final divorce decree to revoke requirement that former husband pay child support); Hart v. Hart, 458 So.2d 815 (Fla. 4th DCA 1984) (reversing order awarding permanent child custody following hearing noticed for temporary relief); Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981) (reversing portion of final judgment of dissolution awarding appellee permanent alimony, where her petition did not raise issue of alimony); Noonan-Judson v. Surrency, 669 So.2d 1058 (Fla. 5th DCA 1996) (reversing final judgment determining appellant elected remedy by foreclosing note and mortgage and thus was not entitled to relief requesting express, resulting or constructive trust, in part because defendant had failed to plead election of remedies as affirmative defense); Lochner *1249 v. Monaco, Cardillo & Keith, P.A., 551 So.2d 581, 583 (Fla. 2d DCA 1989) (finding trial court erred in entering money judgment against appellant who was given notice only that appellee, appellant's counsel, was seeking a charging lien against real property owned by appellant); Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982) (reversing order increasing visitation rights where motion requested only specific visitation dates). As the court stated in Noonan-Judson, "[w]here an issue is not presented by pleading or litigated by parties during a hearing, a judgment based on that issue is voidable on appeal." 669 So.2d at 1060 (citing Cortina).
In this case, the trial court relied on Chandris, S.A. v. Yanakakis, 668 So.2d 180 (Fla. 1995), which held that an attorney's fee agreement that includes an unenforceable contingency fee provision is void. However, the opinion does not indicate that such an issue can be determined sua sponte by the judge without proper notice and an opportunity to be heard.
Recently, in Neiman v. Galloway, 704 So.2d 1131 (Fla. 4th DCA 1998), we held that the trial court should not have addressed the issue of "unconscionability" sua sponte, because in actions based on contract "unconscionability" must be pleaded and proved. In that case, the trial court sua sponte had granted a judgment finding that the contract between the parties was unconscionable and against public policy. We reversed, holding that unconscionability is an affirmative defense which must be raised by proper pleadings and proved by the party asserting it. See 704 So.2d at 1132 (citing Southworth & McGill, P.A. v. Southern Bell Tel. & Tel. Co., 580 So.2d 628, 630-31 (Fla. 1st DCA 1991)). Moreover, the facts before the trial court did not show that the contract was against public policy. See 704 So.2d at 1132-33.
Despite the understanding that the trial court would conduct a hearing on novation, the trial court directed the parties and counsel to comply with the settlement agreement, providing for reasonable attorneys' fees to be calculated by arbitration, and specified that "(n)o discovery or further hearings shall be conducted or held regarding attorneys fees and costs." Like the other factual and legal issues in this case, the parties to the contingent fee contract are entitled to notice and an opportunity to be heard on this issue.
In sum, when the trial court issued the order on review, the state had not pleaded, much less introduced any evidence to support the trial court's findings that the contingent fee contract was "unconscionable," that the fee was "per se unreasonable," "clearly excessive," violative of Rules Regulating The Florida Bar, or that "(it) is not so much the formation of the contract but its enforcement, i.e., the collection of fees that is now without a doubt excessive." Thus, we hold that the trial court denied Petitioners due process when it sua sponte ruled unenforceable the contingent fee contract on which those liens were based, without notice and an opportunity for the parties and counsel to be heard. Furthermore, we conclude that the parties to the contingent fee contract are entitled to an evidentiary hearing on novation, as well as on the excessive contingent fee issue, because there are issues of fact as to both.
Accordingly, the November 12, 1997, order is quashed, as well as the November 18, 1997, order denying motion for rehearing. The case is remanded for further proceedings consistent with this opinion.
GUNTHER, KLEIN and STEVENSON, JJ., concur.
NOTES
[1] The "Medicaid Third-Party Liability Act," which allows the State to recover from third parties benefits paid by Medicaid, was amended in 1994 to give the Agency for Health Care Administration an independent cause of action against liable third parties. See § 409.910(6)(a), Fla. Stat. (Supp.1994); ch. 94-251, § 4, at 1880-81, Laws of Fla. Among other provisions, the amendment enabled the agency to bring one proceeding to recover sums paid to more than one recipient where there are common issues of fact or law. See § 409.910(9), Fla. Stat. (Supp. 1994); ch. 94-251, § 4, at 1884, Laws of Fla. For a detailed analysis of the law before and after the 1994 amendment, see Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So.2d 1239 (Fla.1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997).