# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2045
Lower Tribunal No. 14-25082
_____

**H. Baird Lobree, et al.,**
Appellants,

vs.

**ArdenX LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Fowler White Burnett, J. Michael Pennekamp and Sandra I. Tart, for appellants.

Levine Kellogg Lehman Schneider + Grossman, Stephanie Reed Traband and Matthew Joseph McGuane, for appellees.

Before SHEPHERD, EMAS and SCALES, JJ.

EMAS, J.

Appellants H. Baird Lobree, The Lobree Corporation, Fernando Canelas, Republic Consulting Group and James Pollock, the plaintiffs below, appeal from the trial court's order granting a motion to dismiss filed by Appellees, ArdenX LLC ("ArdenX"), Dennis Arden, Premier Steel Services LLC and DAX LLC. The order dismissed the action in its entirety based on the complaint's inclusion of direct and derivative claims in a single cause of action. The order also dismissed several individual counts based upon gross misjoinder and the statute of frauds. For the reasons that follow, we reverse the order of dismissal.

The operative complaint contained the following sixteen counts:

Count 1:  Declaratory Judgment as to whether Lobree or Arden has the legal right to act as manager of ArdenX (brought by Lobree)

Count 2:  Action to Dissociate and Expel Dennis Arden as a Member of ArdenX (brought by Lobree)

Count 3: Breach of Fiduciary Duty Against Dennis Arden (brought by Lobree)[1]

Count 4: Breach of Fiduciary Duty Against Dennis Arden (derivative claim brought by Lobree on behalf of ArdenX)

Count 5: Aiding and Abetting Breach of Fiduciary Duty Against Premier Steel and Dax LLC (derivative claim by Lobree on behalf of ArdenX)

---

[1] Count 3 was dismissed by a separate and unrelated order which does not form a part of this appeal.

2

Count 6: Appointment of Custodian and Judicial Dissolution of a Florida LLC, as an alternative claim to Counts 1 and 2 (brought by Lobree)

Count 7: Money Owed by ArdenX for Loans (brought by Lobree)

Count 8: Money Owed by ArdenX for Salary (brought by Lobree)

Count 9: Unjust Enrichment/Quantum Meruit (brought by Lobree)

Count 10: Money Owed by ArdenX to the Lobree Corporation for Loans (brought by The Lobree Corporation)

Count 11[2]: Money Owed by ArdenX to Fernando Canelas for Services Rendered (brought by Canelas)

Count 12: Unjust Enrichment/Quantum Meruit, as an alternative claim to Count 11 (brought by Canelas)

Count 13: Money Owed by ArdenX to Republic Consulting Group for Services Rendered (brought by Republic)

Count 14: Unjust Enrichment/Quantum Meruit, as an alternative claim to Count 13 (brought by Republic)

Count 15: Money Owed by ArdenX to James Pollock for Services Rendered (brought by Pollock)

---

[2] Counts 11 through 16 were brought by three vendors/independent contractors (Fernando Canelas, Republic Consulting Group and James Pollock), each alleging that they provided professional services to ArdenX, and that ArdenX failed to pay for the services rendered.

Count 16: Unjust Enrichment/Quantum Meruit, as an alternative claim to Count 15 (brought by Pollock)

For ease of reference, we categorize the counts as follows:

- Direct Claims (Counts 1, 2, 3, 6, 7, 8, 9, 10)

- Derivative Claims (Counts 4 and 5)

- Vendor/Independent Contractor Claims (Counts 11, 12, 13, 14, 15, 16)

ArdenX filed its motion to dismiss Counts 1, 6, 8, 11, 13 and 15 from the operative complaint on a variety of bases, including failure to attach supporting documents to the complaint and failure to state a claim upon which relief could be granted.

Importantly, appellees' motion to dismiss did not:

- seek dismissal of the action in its entirety;
- seek dismissal of any counts based upon misjoinder of claims;
- seek dismissal of any counts based on the statute of frauds (section 725.01, Florida Statutes (2014)); or
- seek dismissal (on any basis) of Counts 2, 5, 7, 9, 10, 12, 14 or 16.

Thereafter, the parties filed memoranda of law, after which the trial court issued the order on review without a hearing.

Importantly, the trial court's order:

- dismissed the entire action;

- based its dismissal of the entire action upon the inclusion of both direct and derivative claims in a single complaint, and upon misjoinder of claims by vendors/independent contractors Canelas, Republic and Pollock; and

- dismissed counts 8, 11, 13, and 15 based upon the statute of frauds.

We review the trial court's order de novo. Dinuro Invs., LLC v. Camacho, 141 So. 3d 731, 734 (Fla. 3d DCA 2014).

## ANALYSIS

### Dismissal Based Upon Direct/Derivative Claims and Upon Misjoinder of Vendor Claims

Appellants contend that the trial court erred by entering a final order dismissing this action—in its entirety—on the ground that Lobree filed both direct and derivative claims in a single action. In dismissing the action on this ground, the trial court's order provided in pertinent part:

> Lobree brings a direct action against ArdenX, LLC as he alleges that he individually suffered a special injury. Simultaneously, Lobree brings actions derivatively on behalf of ArdenX, LLC. Lobree is bringing suits that are based in more than one distinct right or capacity. Lobree must bring these suits separately. Therefore, the second amended complaint is thus dismissed in its entirety.

We agree with appellants that the trial court erred in dismissing the entire action. In Dep't of Ins. of State of Fla. v. Coopers & Lybrand, 570 So. 2d 369 (Fla. 3d DCA 1990), the Department of Insurance filed a complaint for damages against Coopers & Lybrand. In its complaint, the Department brought several

5

causes in nine different capacities. Coopers & Lybrand filed a motion to dismiss, which the trial court granted. Rather than dismissing the entire complaint, however, the trial court dismissed those causes of action brought in eight of the nine capacities, and directed the Department to choose in which capacity it would pursue the action. On appeal we affirmed, holding:

> Upon a review of the amended complaint filed in the instant case, we find that the Department improperly attempted to sue in more than one capacity in one lawsuit. The Department joined causes of action accruing to it in nine different capacities. Therefore, the trial court properly found that the Department could not sue in more than one capacity in the same action. The Department, as a party holding rights of action in separate capacities, must enforce those rights in separate actions. The trial court also correctly directed the Department to choose in which capacity it would pursue this action and dismissed the claims the Department elected not to pursue in this action without prejudice to the Department to institute separate actions on the dismissed causes of action.

Coopers & Lybrand, 570 So. 2d at 370-71. See also Horowitz v. United Inv'rs Corp., 227 So. 2d 719, 721 (Fla. 3d DCA 1969); Gen. Dynamics Corp. v. Hewitt, 225 So. 2d 561 (Fla. 3d DCA 1969).

Instead of dismissing the cause in its entirety, the trial court in the instant case, consistent with Coopers & Lybrand, should have dismissed only those counts which it determined were improperly brought in a separate capacity, permitted appellants to file an amended complaint, choosing in which capacity they would continue to pursue this action, and without prejudice to appellants pursuing a separate action on the dismissed counts.

6

The trial court also dismissed the entire action upon the ground that appellants improperly included in the complaint claims asserted by three vendors/independent contractors (Canelas, Pollock and Republic) against appellees. The trial court's order provided in relevant part:

> Moreover, Plaintiffs Canelas, Pollock, and Republic also bring suit against ArdenX, LLC. The causes of action of the independent contractors are based on a different, distinct right or capacity than the causes of action brought forth by Lobree. Thus, the independent contractors' causes of action should likewise be brought in a separate action. ArdenX does not raise this issue in its motion to dismiss. However, Plaintiffs may not bring these causes of action together in the same suit particularly in light of the misjoinder of the direct and derivative causes of action by Lobree.

The trial court made this determination sua sponte; as noted in the trial court's order, appellees never raised or argued this issue. Appellants were neither placed on notice that the trial court would consider the question of misjoinder nor afforded the opportunity to address the issue before the trial court entered its order of dismissal.[3] Further, appellees' motion to dismiss never sought dismissal of counts 2, 5, 7, 9, 10, 12, 14 or 16 on any basis whatsoever. These counts would have remained standing but for the trial court's sua sponte dismissal of the entire action on these unasserted grounds. As a result, eight counts were dismissed without motion by appellees, and the entire complaint was dismissed on a ground not asserted by appellees and without notice and an opportunity to be heard. This

---

[3] No hearing was held on the motion to dismiss.

7

resulted in a denial of due process. See Kerrigan, Estess, Rankin & McLeod v. State, 711 So. 2d 1246 (Fla. 4th DCA 1998).

**Dismissal Based Upon Statute of Frauds**

In like fashion, the trial court erred in dismissing counts 8, 11, 13 and 15 for violation of the statute of frauds. Again, appellees did not assert the statute of frauds in their motion to dismiss. The issue was never addressed by appellants, who were not on notice, until entry of the dismissal order, that the trial court was considering such a basis for dismissal. This also constituted a denial of due process:

> A trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings. When a trial judge sua sponte dismisses a cause of action on grounds 'not pleaded,' the trial judge denies the parties due process because the claim is being dismissed without "notice and an opportunity for the parties and counsel to be heard."

Liton Lighting v. Platinum Television Grp., Inc., 2 So. 3d 366 (Fla. 4th DCA 2008) (quoting Kerrigan, Estess, Rankin & McLeod, 711 So. 2d at 1249). Appellees will have the opportunity, if they wish, to raise the issue in their answer and affirmative defenses, where it can then be addressed appropriately by the court. However, at this stage of the pleadings, and given the allegations of the complaint, the trial court's sua sponte dismissal based upon the statute of frauds was erroneous.[4]

---

[4] Appellants also assert that the trial court, in determining that these counts were

We therefore reverse the trial court's order of dismissal and remand this cause for further proceedings consistent with this opinion.

---

barred by the statute of frauds, erred in failing to consider the analysis set forth by the Florida Supreme Court in its recent decision in <u>Browning v. Poirier</u>, 165 So. 3d 663 (Fla. 2015). Given our disposition of this appeal, we do not reach the merits of this claim.