DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAKE POINTE TRUST CORPORATION** d/b/a **CLUB LAKE POINTE APARTMENTS,**
Appellant,

v.

**QIANA E. COLEMAN, JIAWAN M. COLEMAN, SR.,** and **JIAWAN M. COLEMAN, JR.,**
Appellees.

No. 4D21-518

[April 28, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Louis H. Schiff, Judge; L.T. Case Nos. CONO20-669 and CACE20-5586.

Donna S. Barfield and Ryan R. McCain of Barfield McCain, P.A., Palm Beach Gardens, for appellant.

No appearance for appellees.

PER CURIAM.

Lake Pointe Trust Corporation d/b/a Club Lake Pointe Apartments appeals an order of dismissal issued by the county court in an eviction action. We reverse because the order was entered at a status conference without a properly filed and noticed motion to dismiss, so Lake Pointe was deprived of procedural due process.

Lake Pointe filed an eviction action against the Colemans for nonpayment of rent. In response to the complaint, the Colemans filed a letter addressed to the court describing their financial problems.

The court set a status hearing, noticed as a "Status Conference," for February 24, 2020. On the same day, the county court entered an order of dismissal and returned all monies deposited in the court registry to the Colemans. A motion to dismiss had not been noticed for hearing, nor did the Colemans' letter request dismissal.

Without proper notice, the entry of an order of dismissal at a status conference violates due process. *See Alexis v. Fla. Ins. Guar. Ass'n*, 61 So. 3d 487, 488 (Fla. 4th DCA 2011). "Dismissal should be predicated on a properly filed and noticed motion to dismiss or other dispositive motion to protect the parties' rights to due process." *Id.*; *see also Liton Lighting v. Platinum Television Grp., Inc.*, 2 So. 3d 366, 367 (Fla. 4th DCA 2008) ("When a trial judge *sua sponte* dismisses a cause of action on grounds 'not pleaded,' the trial judge denies the parties due process because the claim is being dismissed without 'notice and an opportunity for the parties and counsel to be heard.'" (quoting *Kerrigan, Estess, Rankin & McLeod v. State*, 711 So. 2d 1246, 1249 (Fla. 4th DCA 1998))); *Progressive Am. Ins. Co. v. Goldsmith*, 192 So. 3d 87, 88 (Fla. 4th DCA 2016) (reversing order of dismissal when the court dismissed appellant's case at a case management conference without notice because "[d]ue process requires the trial court to provide notice and an opportunity to be heard prior to dismissal").

*Reversed and remanded.*

GROSS, FORST and ARTAU, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2