801 So.2d 968 (2001)
Danny PARTLOWE, Appellant,
v.
Jerry R. GOMEZ, Appellee.
No. 2D00-5309.
District Court of Appeal of Florida, Second District.
November 28, 2001.
Cynthia L. Greene of Law Offices of Cynthia L. Greene & Associates, P.A., Miami; and Law Offices of Fogel, Rubin & Fogel, Miami, for Appellant.
Lisa A. Baird and Martyn W.D. Verster of Baird & Verster, P.A., Miami, for Appellee.
ALTENBERND, Acting Chief Judge.
Danny Partlowe appeals a final order dismissing his petition for a domestic violence injunction and vacating the initial ex parte temporary injunction entered against Jerry R. Gomez. The trial court held that, pursuant to section 741.30, Florida Statutes (2000), Mr. Partlowe lacked standing to maintain his cause of action. We conclude that the trial court correctly interpreted the language of the domestic violence injunction statute. Accordingly, we affirm the trial court's order.
Mr. Partlowe is the maternal grandfather and temporary custodian of Jeremy Gomez, a minor child. The child's mother is deceased. Mr. Gomez is the child's father and Mr. Partlowe's son-in-law. Mr. Partlowe obtained an ex parte temporary injunction, individually and on behalf of the minor child, against Mr. Gomez on October 18, 2000. The basis for the petition was an allegation of a single incident during which Mr. Gomez repeatedly threatened Mr. *969 Partlowe with violence and poked at Mr. Partlowe's body with his finger while yelling at him. The incident occurred in the child's presence.
Mr. Gomez filed a motion to dismiss the ex parte temporary injunction and petition filed on behalf of Mr. Partlowe individually, arguing that Mr. Partlowe lacked standing under the domestic violence injunction statute to obtain an injunction. The trial court entered an order dismissing the petition as to Mr. Partlowe because it found that Mr. Partlowe and Mr. Gomez are not related by blood or marriage, never resided together, and do not share a child in common. § 741.28, Fla. Stat. (2000).[1]
Mr. Partlowe contends that the trial court erred because, under sections 741.30(1)(e) and 741.28(2), as grandfather and legal custodian of the child, he has a "child in common" with Mr. Gomez.[2] We disagree.
Section 741.30(1)(e) governing domestic violence injunctions provides:
This cause of action for an injunction may be sought by family or household members. No person shall be precluded from seeking injunctive relief pursuant to this chapter solely on the basis that such person is not a spouse.
Section 741.28(2) defining "family or household members" provides:
"Family or household member" means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who have a child in common regardless of whether they have been married or have resided together at any time.
(Emphasis supplied.) These statutes do not confer standing upon Mr. Partlowe to obtain a domestic violence injunction against his son-in-law in this case. The phrase "child in common" is not defined. There is no indication that the legislature intended that phrase to include the relationship between a biological parent and a person who has legal custody only by virtue of a court order. We conclude that the legislature added the phrase "child in common" to the statute in 1991 so that parents of children born out of wedlock could be protected from one another. See ch. 91-210, § 6, Laws of Fla.
The drafters of Florida Family Law Form 12.980(b), Petition for Injunction for Protection Against Domestic Violence, have apparently reached the same conclusion. The instructions for that form provide:
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(g), to determine if your situation will qualify for an injunction for protection against repeat violence.
*970 We agree with Mr. Gomez that we cannot interpret the domestic violence injunction statute to grant Mr. Partlowe relief in this case. If the Florida Legislature wants section 741.30 to protect individuals in Mr. Partlowe's situation, it will need to amend the relevant portions of the statute to reflect that intent.
Affirmed.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] As to the ex parte injunction and petition filed on the child's behalf, this portion of the action was transferred to Miami-Dade County, where the parties are currently involved in a custody dispute over the child.
[2] Mr. Partlowe does not challenge the court's finding that he is not related to Mr. Gomez by blood or marriage and that they have never resided together.