849 So.2d 349 (2003)
Thaddeus SLOVENSKI, Appellant,
v.
Lois L. WRIGHT, Appellee.
No. 2D02-2494.
District Court of Appeal of Florida, Second District.
May 2, 2003.
Rehearing Denied June 13, 2003.
*350 Dale Brewster, St. Petersburg, for Appellant.
Elizabeth G. Mansfield of Carnal & Mansfield, P.A., St. Petersburg, for Appellee.
CASANUEVA, Judge.
Thaddeus Slovenski appeals from a final judgment for protection against domestic violence entered against him. We reverse the judgment for three reasons. First, the trial court's initial determination that Lois L. Wright and Thaddeus Slovenski did not meet the statutory definition of family or household members as provided by section 741.28(2), Florida Statutes (2001), was correct. Second, the trial court did not have the procedural authority to reverse its judgment in Ms. Wright's case after hearing evidence on a petition for protection against repeat violence brought by Morris Cohen against Mr. Slovenski. And third, the evidence presented in the Cohen case did not provide a basis for reversing the judgment in this case.
Section 741.30(1), Florida Statutes (2001), provides that family or household members may seek an injunction for protection against domestic violence. Under the statute, family or household members are "persons who are presently residing together as if family or who have resided together in the past as if family." § 741.28(2).
During the trial, Ms. Wright testified that she and Mr. Slovenski had previously been involved in a two-year romantic relationship. She also testified that they did not reside together and did not live together as a family. Ms. Wright indicated that she maintained her residence in her home while Mr. Slovenski maintained a separate residence in his condominium. Mr. Slovenski also testified that the parties did not live together.
Following the close of evidence, the trial court concluded that Ms. Wright lacked standing to bring the action and had failed to establish the elements of domestic violence. The trial court also advised Ms. Wright of her right to appeal the court's decision, further indicating the finality of the judgment just entered.
At the conclusion of the Wright case, the court heard a second case against Mr. Slovenski brought by Ms. Wright's current boyfriend, Morris Cohen. After hearing the testimony in the Cohen case, the trial judge changed his mind regarding the judgment in the Wright case and granted Ms. Wright's petition for a domestic violence injunction.
First, we address whether the trial court's initial determination that Ms. Wright lacked standing to bring the domestic violence injunction was correct and conclude that it was. To establish standing under this statute, something more than a romantic relationship with overnight visits is required. If the parties are not related by blood or marriagepresent or past, they must have resided together as though they were a family unit at some time. Because Ms. Wright and Mr. Slovenski were unrelated and maintained separate residences throughout their relationship, Ms. Wright did not establish that she was a family or household member. Thus, Ms. Wright lacked standing to bring the domestic violence petition. See Partlowe v. Gomez, 801 So.2d 968, 969 (Fla. 2d DCA 2001) (noting that the instructions for Florida Family Law Form 12.980(b), Petition for Injunction Against Domestic Violence, specifically warn that the domestic violence laws "only apply if the respondent is ... living with you now or has lived with you in the past (if you are or were living as a family)"; and, if the domestic violence *351 injunction is not applicable, the petitioner is directed to look at the Petition for Injunction for Protection Against Repeat Violence, Florida Family Law Form 12.980(g)).
In addition, the trial court did not have the procedural authority to reverse its earlier legal determination. Although Florida Rule of Civil Procedure 1.530(d) does permit a trial court, on its own initiative, to order a new trial, the trial court never indicated to the parties its intention to invoke the rule and did not cite any legal reason permitting an award of a new trial. Furthermore, the court did not order a new trial but simply reversed its previously entered judgment.
Finally, the evidence in the Cohen case did not provide a basis for reversing the judgment in the Wright case. Assuming that the trial court could consider the evidence presented in the Cohen case, no new evidence was presented on the standing issue. Thus, there was no legal basis to conclude that the standing requirement had been met.
Reversed and remanded with instructions to enter an order denying the petition for injunction against domestic violence.
WHATLEY and SILBERMAN, JJ., concur.