CASANUEVA, Judge.
 

 Appellee Tonya M. Gayheart petitioned for an injunction against repeat violence against her former employer, Appellant Joseph Barile, to whom she is related neither by blood nor marriage. After an evidentiary hearing the trial court entered an injunction against domestic violence. Mr. Barile now appeals that injunction. We reverse based on a denial of Mr. Bar-ile’s right to due process.
 

 Mr. Barile raises three issues in this appeal: (1) that the trial court failed to determine that he and Ms. Gayheart reside together or have resided together in the same dwelling; (2) that Ms. Gayheart did not present sufficient evidence to show that she was the victim of domestic violence or had reasonable cause to believe she was in imminent danger of domestic violence; and (3) that the trial court erred in sua sponte issuing an injunction against domestic violence when Ms. Gayheart sought an injunction against repeat violence. We decline to reach the first two issues because Mr. Barile has failed to
 
 *1087
 
 preserve them for review by contemporaneous objection.
 
 See Jarkesy v. Daniels, 58
 
 So.2d 516 (Fla.1952). Mr. Barile’s third issue has merit and mandates reversal.
 

 Ms. Gayheart’s petition claimed entitlement to an injunction based upon acts of repeat violence.
 
 See
 
 § 784.046, Fla. Stat. (2010).
 
 [1]
 
 Early in the evidentiary hearing, the trial court properly observed that Ms. Gayheart’s evidence did not support the entry of a repeat violence injunction. Instead, the trial court unilaterally declared that the injunction hearing would continue on a claim for an injunction against domestic violence. The record shows that Ms. Gayheart did not seek to amend her pleading, that the trial court did not determine whether Mr. Barile objected to proceeding on an amended pleading, and that the trial court did not determine that its procedure resulted in no legal harm to Mr. Barile. As discussed below, we doubt whether the evidence Ms. Gayheart produced would have supported an injunction against domestic violence either, but we reverse for a more basic reason.
 

 The notice for the hearing informed Mr. Barile that he would be defending himself against a charge of repeat violence towards Ms. Gayheart. As noted above, without notice, the trial court switched issues to one which Mr. Barile was not expecting and for which he was unprepared.
 
 Cf. Liton Lighting v. Platinum Television Group, Inc.
 
 2 So.3d 366, 367 (Fla. 4th DCA 2008) (“When a trial judge sua sponte dismisses a cause of action on grounds ‘not pleaded,’ the trial judge denies the parties due process because the claim is being dismissed without ‘notice and an opportunity for the parties and counsel to be heard.’ ” (quoting
 
 Kerrigan, Estess, Rankin, & McLeod v. State,
 
 711 So.2d 1246, 1249 (Fla. 4th DCA 1998))). Because the hearing went forward on Ms. Gayheart’s petition as amended on the spot by the trial court, Mr. Barile was denied due process and the injunction entered must be reversed and vacated.
 

 As an aside, it is unlikely that Ms. Gayheart’s record evidence would have supported the granting of an injunction against domestic violence either as that term is defined in section 741.28, Florida Statutes (2010).
 
 [2]
 
 In addition to failing to show acts of repeat violence, she also did not establish the other required statutory elements: that she and Mr. Barile (1) were spouses or former spouses or were related by blood or marriage; (2) had a child in common; or (3) currently resided together or had resided together in the past. There was evidence presented that she had once
 
 *1088
 
 stayed with Mr. Barile for two days. A one- or two-night interlude of staying together does not meet the statutory criterion of having resided together in the same dwelling.
 
 See Slovenski v. Wright,
 
 849 So.2d 349, 350 (Fla. 2d DCA 2003) (“To establish standing under this [domestic violence] statute, something more than a romantic relationship with overnight visits is required.”).
 

 Because Mr. Barile was denied due process, we reverse and remand with instructions to vacate the injunction.
 

 Reversed and remanded with instructions.
 

 WALLACE and LaROSE, JJ., Concur.
 

 [1]
 

 . Section 784.046(l)(b), Florida Statutes (2010), defines "repeat violence” as "two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.”
 

 [2]
 

 . Section 741.28, Florida Statutes (2010), defines the relevant terms in the following manner:
 

 (2) "Domestic violence” means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.
 

 (3) "Family or household member” means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married. With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.