# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

K.B.H.,

Appellant,

v.

HILLSBOROUGH COUNTY SHERIFF'S OFFICE,

Appellee.

No. 2D2025-2005

_____

June 12, 2026

Appeal from the Circuit Court for Hillsborough County; Caroline Tesche Arkin, Judge.

K.B.H., pro se.

Lauren P. Benson of Hillsborough County Sheriff's Office, Tampa, for Appellee.

PER CURIAM.

Affirmed.

LaROSE and LABRIT, JJ., Concur.
GUARD, J., Concurs separately.

GUARD, Judge, Concurring separately.

I join in the result of the court. Without a transcript, we cannot resolve the underlying factual issues advanced by K.B.H. or conclude that the trial court misconstrued the law to an extent requiring reversal. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). Even if that did not bar review, K.B.H. failed to attend the hearing. Therefore, she did not object to the Hillsborough County Sheriff's Office's evidence, enter her own evidence, or advance any argument against the extension of the risk protection order. She also did not file any kind of response opposing the motion's extension. By failing to do so, she failed to preserve any issue for our review. *See, e.g., Aills v. Boemi*, 29 So. 3d 1105, 1108-09 (Fla. 2010) (discussing proper preservation for appellate review); *Barile v. Gayheart*, 80 So. 3d 1085, 1086-87 (Fla. 2d DCA 2012) (refusing to reach issues in a domestic violence injunction appeal when party failed to preserve the issue with a contemporaneous objection). The only document filed in the trial court by K.B.H. after the motion for extension was a letter from a United States Department of Veterans Affairs psychiatrist dated July 10, 2025. But that letter appears to have been filed after the trial court held its hearing and granted the extension. It is unclear to me whether the trial court even saw the letter. And K.B.H. did not move for reconsideration of the extension or seek to vacate the risk protection order raising the psychiatrist's letter to the trial court's attention.

Section 790.401(6)(c)3, Florida Statutes (2025), allows risk protection orders to be extended "on the basis of a motion or affidavit stating that there has been no material change in relevant circumstances since entry of the order," as the Hillsborough County Sheriff's Office did

2

here. That simple assertion is only sufficient to justify if the extension is unopposed. *Id.* Even then, the statute requires the Hillsborough County Sheriff's Office to "stat[e] the reason for the requested extension." *Id.* The filed motion in this case only indicates that K.B.H. has "recurring mental health issues since the date of this document." It is my view that mental health issues alone cannot justify a risk protection order or its extension. Based on the statute's text, it is only when a mental health issue rises to the level that a person "poses a significant danger of causing personal injury to himself or herself or others" that a risk protection order can issue or be extended. § 790.401(3)(b). Granted, without a transcript, I do not know what was presented to the trial court in this case. But what documents we have in the record appear dated, not indicative of current or future violence to anyone, and not close to the level required by the statute for an extension. The only documents in the record from the last year appear limited to her filing two frivolous domestic violence petitions over three days. While those petitions indicate that she still suffered, at least over those three days, mental health challenges, those petitions do not indicate that she was at risk of committing violence to herself or anyone else at the time of the extension request.

Had K.B.H. timely responded or moved to vacate and presented the letter, it is likely in my estimation that the extension request should have been denied by the trial court. Or at least, the trial court should have held another hearing to receive testimony from the psychiatrist. That expected result would be subject to the Hillsborough County Sheriff's Office offering fresh proof that K.B.H. "poses a significant danger of causing personal injury to . . . herself or others by having in . . . her

3

custody or control, or by purchasing, possessing, or receiving, a firearm or any ammunition." § 790.401(3)(b).

But without a transcript or preservation of any issue, I must concur.

---

Opinion subject to revision prior to official publication.