Eugene **LIPOFSKY**, Plaintiff–Appellant,

v.

**NEW YORK STATE WORKERS COMPENSATION BOARD, Robert Steingut, Lee First, Martain Mankowitz, Carl Sachs, The State Insurance Fund, John Fendor, Carol Sendar, and A. Franklin Mahoney, Defendants–Appellees.**

No. 87–6010

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1988.

August L. Fietkau, Asst. Atty. Gen., New York State, New York City, for defendants-appellees.

Before HATCHETT, CLARK and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

The issue in this appeal is whether a district court—without prior notice to the parties of its intended action—may dismiss on its own motion a claim for lack of personal jurisdiction and improper venue. We hold that it may not.

Plaintiff Eugene Lipofsky, a Florida resident, filed his complaint in the Southern District of Florida, seeking to enforce a purported judgment entered in New York awarding him workers' compensation for events which occurred in New York. Because plaintiff also asserted federal constitutional claims, subject matter jurisdiction was not founded solely on diversity. Defendants are allegedly all residents of New York. The New York Attorney General's Office, on behalf of defendants, filed a motion for extension of time to answer the complaint. They included an affidavit in support of their motion advising that they probably would object to, among other things, personal jurisdiction and venue. The district court never acted on the request for extension. Instead the court on its own motion dismissed the complaint for lack of personal jurisdiction over defendants and improper venue. No notice was given the parties that the court was considering dismissal. Plaintiff appeals from the district court's order on the ground that the district court's dismissal of the complaint, on its own motion and without prior notice to the parties, was erroneous as a matter of law.

Lack of personal jurisdiction and improper venue, unlike lack of subject matter jurisdiction which requires dismissal on the court's own motion if not raised by the parties,[1] are waivable defects. *Harris Corp. v. National Iranian Radio, Etc.*, 691 F.2d 1344, 1349, 1353 (11th Cir.1982); Fed.Rule Civ.Proc. 12(h)(1). Both defenses are waived when a defendant files a responsive pleading or Rule 12 motion failing

---

1. Fed.Rule Civ.Proc. 12 provides in part, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.Rule Civ.Proc. 12(h)(3).

to assert them.[2] *See* Fed.Rule Civ.Proc. 12(b), (h)(1).

 In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue. *See Costlow v. Weeks*, 790 F.2d 1486 (9th Cir.1986) (upholding sua sponte order to plaintiff to show cause why the complaint should not be dismissed for improper venue). The defendants in some cases may wish to waive the defenses, and the plaintiffs ought to have an opportunity to respond to the defenses before their cases are dismissed. Because no prior notice was given to the parties that the district court intended to dismiss the complaint, the order of the district court must be REVERSED.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Harriett R. Galvin, Asst. U.S. Atty., Miami, Fla., for respondents-appellees.

---

2. We do not address the district court's power pursuant to the doctrine of forum non conveniens.