DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICE JONES,** as Successor Co-Trustee of the
**ROBERT M. JONES, JR. TRUST** dated December 28, 2007, and
**ANNELIESE D. JONES**,
Appellants,

v.

**PATRICK SAYER,** as Co-Trustee of the **ROBERT M. JONES, JR. TRUST**
dated December 28, 2007,
Appellee.

No. 4D20-1465

[March 24, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Charles M. Greene, Judge; L.T. Case No. PRC200000051.

Joshua I. Gornitsky of Searles, Sheppard & Gornitsky, PLLC, Fort Lauderdale, for appellants.

No appearance for appellee.

DAMOORGIAN, J.

Patrice Jones, as successor co-trustee of the Robert M. Jones, Jr. Trust, and Anneliese D. Jones appeal the trial court's order *sua sponte* dismissing the action for improper venue. Because the trial court lacked the authority to *sua sponte* dismiss the action, we reverse.

The underlying action involved a dispute between two co-trustees of a Florida trust. Briefly, co-trustee Patrick Sayer ("Plaintiff") filed a complaint for breach of fiduciary duty against co-trustee Patrice Jones ("Defendant") in Palm Beach County. The complaint alleged that Plaintiff was a California resident, Defendant was a Michigan resident, and Anneliese D. Jones, the sole beneficiary of the trust, was a Michigan resident. Defendant thereafter moved to transfer venue to Broward County, alleging that the trust was created in Broward County and the principal place of administration of the trust was Broward County. The action was ultimately transferred to Broward County via an agreed order.

After the action was transferred, Plaintiff filed an amended complaint and alleged therein that venue was proper in Broward County. Defendant answered the complaint and admitted the venue allegation. Defendant also raised several affirmative defenses. Improper venue was not included as one of those affirmative defenses. After reviewing the amended complaint and providing the parties with the opportunity to demonstrate why venue was proper in Broward County, the trial court *sua sponte* dismissed the action for improper venue. This appeal follows.

"A trial judge may not *sua sponte* dismiss an action based on affirmative defenses not raised by proper pleadings." *Liton Lighting v. Platinum Television Grp., Inc.*, 2 So. 3d 366, 367 (Fla. 4th DCA 2008). "Where an order adjudicates issues neither presented by the pleadings nor litigated by the parties, it denies fundamental due process and must be reversed." *Hancock v. Tipton*, 732 So. 2d 369, 372 (Fla. 2d DCA 1999).

In the instant case, by consenting to venue in Broward County, the parties waived any potential venue defect. *See Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State*, 295 So. 2d 314, 316 (Fla. 1st DCA 1974) ("[V]enue may be changed by consent, acquiescence or waiver. Incorrect venue may be waived by the failure of a defendant to make a timely objection or by stipulation, agreement or consent."). In light of this waiver, the trial court was without authority to *sua sponte* dismiss the action for improper venue. *See Liton Lighting*, 2 So. 3d at 367–68 (reversing the trial court's *sua sponte* dismissal of the action for failure to arbitrate and improper venue because neither of those affirmative defenses were raised in the answer); *Santana v. Henry*, 12 So. 3d 843, 847–48 (Fla. 1st DCA 2009) (holding that the trial court erred by *sua sponte* dismissing a petition based on a technicality not raised by either party). *But cf. Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (recognizing that "[i]n the *absence of a waiver*, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue" (emphasis added)).[1]

---

[1] Our holding is not to be interpreted as precluding a trial court from *sua sponte* raising the question of whether venue should be transferred to another county for forum non conveniens. *See McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.*, 39 So. 3d 504, 511 (Fla. 4th DCA 2010) ("A trial court may *sua sponte* raise the question of whether venue should be transferred to another county under section 47.122 for the convenience of parties or witnesses or in the interest of justice."); *Gov't Emps. Ins. Co. v. Burns*, 672 So. 2d 834, 838–39 (Fla. 3d DCA 1996) (same).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER and FORST, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**