**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13199

Non-Argument Calendar

_____

MUSIC ROYALTY CONSULTING, INC.,

*Plaintiff-Appellee,*

*versus*

WILLIAM MCLEAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02110-RBD-DCI

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

William McLean, a hip-hop artist, sold his right to collect licensing royalties on his music to Music Royalty Consulting, Inc. (MRCI) for 12 years in exchange for an upfront payment of $72,000.

As stated in the contract, two licensing organizations—American Society of Composers, Authors, and Publishers and SoundExchange—paid McLean's royalties to MRCI directly. The contract also entitled McLean to "bonus rights," which meant that if MRCI received more than $19,000 in McLean's royalties in a year, it would pay him the excess.

After a couple of years, McLean believed that MRCI breached the contract on the grounds that it had underpaid his bonus rights and had proposed a change to his bonus payment schedule. He told the licensing organizations that he was canceling the royalty assignment, and the organizations stopped paying MRCI. As a result, MRCI sued McLean for breach of contract, declaratory relief, and specific performance. The district court granted MRCI's motion for summary judgment, in relevant part, for breach of contract and declaratory relief.[1]

On appeal, McLean asks this Court to vacate the judgment. He argues that the district court lacked subject matter jurisdiction and erred in granting summary judgment. He also challenges the accuracy of the official transcript of the evidentiary hearing. After careful consideration, we reject these contentions and affirm the district court's judgment.[2]

---

[1] The district court denied the claim for specific performance because "specific performance is a remedy, not a separate cause of action." Summ. J. Order at 8.

[2] We also conclude that McLean abandoned the following issues because he raises them for the first time on appeal: whether MRCI ever paid him the

## I

We first consider McLean's argument that the district court lacked subject matter jurisdiction because MRCI did not plead its amount in controversy in good faith. We review the "district court's subject matter jurisdiction . . . *de novo* even when it is raised for the first time on appeal." *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016). To invoke diversity jurisdiction, "a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000 . . . in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2011); *see* 28 U.S.C. § 1332(a). A "plaintiff's good-faith pleading will be second guessed only if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2011) (alteration in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

McLean argues that MRCI improperly asserted diversity jurisdiction because it deliberately inflated the amount in controversy to meet the $75,000 threshold. But the complaint alleged damages of "at least" $150,000. First Am. Compl. at 10. And, at the time of the pleadings, it was not legally certain that the amount in controversy would be less than the requisite $75,000. *See Fastcase*, 907 F.3d at 1342. In fact, the district court ultimately

---

$72,000 upfront fee and whether the contract is ambiguous. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

calculated that the sum of royalties owed to MRCI amounted to $87,948.12. District Ct. Order at 3, Aug. 30, 2024.[3]

## II

We next consider whether the district court properly granted summary judgment for MRCI. "We review a district court's decision on summary judgment *de novo* and apply the same legal standard used by the district court." *Sutton v. Wal-Mart Stores East, LP*, 64 F.4th 1166, 1168 (11th Cir. 2023) (quotation omitted). This means that we "draw[] all inferences in the light most favorable to the non-moving party and recogniz[e] that summary judgment is appropriate only where there are no genuine issues of material fact." *Id.*

We conclude, as the district court had, that a valid contract exists between MRCI and McLean, and that McLean had breached that contract by cancelling his royalty payments to MRCI. Under California law, which governs per the contract's choice-of-law clause, the essential elements of a contract are (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration. Cal. Civ. Code § 1550. McLean does not

---

[3] McLean's challenge to the district court's jurisdiction is mixed in with an improper-venue claim. He argues that venue was improper because the contract's forum-selection clause required the parties to litigate the dispute in California. But he waived this defense by failing to raise it in his answer or assert it in a Rule 12 motion. *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988).

dispute that these elements are met.  There is no genuine dispute that the contract is valid.

Under the contract terms, McLean agreed to "fully cooperate" in the assignment of his royalty rights to MRCI and to "fully cooperate" in securing the licensing organizations' "acceptance and acknowledgment" of the assignment.  Supp. App. at 13.  So when McLean asked the licensing organizations to cancel his royalty payments to MRCI, there was no question that McLean breached the contract.

McLean argues that MRCI breached the contract by "fail[ing] to make the payments as it was decided between the parties."  Br. of Appellant at 25.  But when a contract has independent obligations, one's breach "does not excuse the [other's] performance."  *See Fresno Canal & Irr. Co. v. Perrin*, 149 P. 805, 807 (Cal. 1915).  MRCI and McLean had independent obligations to each other:  MRCI had "to pay [McLean] a bonus when earned," and McLean separately had "to cooperate in enforcing the contract."  Summ. J. Order at 6.  So MRCI's alleged breach has no bearing on whether McLean breached the contract.

McLean also argues that the questions whether MRCI collected his royalties and disbursed his bonus rights correctly and whether MRCI submitted impermissibly redacted documents as evidence precluded summary judgment.  But he did not properly

raise these issues as counterclaims in his pleadings,[4] and the district court denied his motion for leave to file a counterclaim.  We will review the district court's denial.

We review the district court's denial of a motion to amend for abuse of discretion.  *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985) ("This court will only reverse a district court's denial of a motion to amend in instances which the district court has clearly abused its discretion.").  This Court has previously held that "it is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."  *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002).  Because McLean filed his motion for leave to amend "more than a year [after] the amendment deadline and more than eight months [after] the dispositive motion deadline," the district court found that it was "too late" to file a counterclaim and denied his motion.  District Ct. Order at 2, July 9, 2024.  We agree.  Therefore, McLean's unraised counterclaims did not preclude the district court from granting summary judgment.

### III

Finally, we consider McLean's argument that the official transcript of the evidentiary hearing is inaccurate.  After the

---

[4] Though McLean argues in his opening brief that he raised the issue concerning impermissibly redacted documents in his answer, he did so only as an affirmative defense, not as a counterclaim.

hearing, McLean asked the court reporter to correct the transcript, prompting her to "thoroughly review[]" the portions he contested. She confirmed the transcript's accuracy. McLean then moved—twice—for the district court to produce the hearing's audio recording, both of which were denied. He then filed a motion for reconsideration under either "Federal Rule[] of Civil Procedure 59(e) or 60(b)," which was also denied.

We review the denial of a motion brought under Rule 59(e) or Rule 60(b) for an abuse of discretion. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998) (reviewing the denial of a Rule 59 motion for an abuse of discretion); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (same for Rule 60(b)). Because McLean made an insufficient showing of the transcript's purported inaccuracy, we conclude that the district court did not abuse its discretion in denying his motion for reconsideration.

★ ★ ★

Accordingly, we **AFFIRM** the district court's judgment.